UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-87-TAV-JEM |
| | ) | |
| RONNIE JOHNSON and | ) | |
| SHANNON THARP, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Shannon Tharp's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 21], filed on August 4, 2026.

Defendant asks to continue the September 8, 2026 trial date for "at least 120 days" and to extend the July 29 motion deadline[1] and the August 7 plea deadline [*Id.* ¶¶ 1, 5]. As grounds, Defendant states defense counsel needs more time to confer with her on the discovery, to research and investigate the need for pretrial motions, and to discuss potential resolution of the case and the sentencing guidelines with her [*Id.* ¶¶ 2–3]. Defendant, who is detained in Laurel County, Kentucky, states the discovery contains multiple multimedia items, which must be reviewed with counsel in person [*Id.*]. Defendant asserts that granting the continuance will permit counsel to render effective representation and will allow time for the parties to engage in plea negotiations

---

[1] On August 3, 2026, the undersigned granted Defendant Ronnie Johnson's motion to extend his pretrial motion deadline and extended Defendant Johnson's deadline for filing pretrial motions to August 21, 2026, with responses to motions by this Defendant due on September 4, 2026 [Doc. 20].

[*Id*. ¶ 3]. Defendant understands that the time between the filing of his motion and the new trial date is fully excludable [*Id*. ¶ 4]. Neither the Government nor counsel for Defendant Johnson oppose the requested continuance [*Id.* ¶ 5].

Counsel for Defendant Johnson corresponded with Chambers by email and stated that Defendant Johnson is aware of his speedy trial rights and waives those rights for the purposes of the motion to continue. Counsel also related that Defendant Johnson understands that all time between the filing of the motion and the new trial date is excludable delay under the Speedy Trial Act.

Based upon the information in Defendant Tharp's motion, which neither Defendant Johnson nor the Government oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant Tharp needs more time to review, discuss, and evaluate the discovery in this case and, if deemed necessary, to file pretrial motions. *See id.* § 3161(h)(7)(B)(iv). Also, defense counsel requires additional time to advise Defendant on potential sentencing exposure, to explore a negotiated resolution, and to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the September 8, 2026 trial date.

The Court therefore **GRANTS** Defendant Tharp's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 21**]. The trial of this case is reset to **January 12,**

2

**2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on August 4, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Tharp's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 21**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 4, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for any party to file pretrial motions is extended to **September 4, 2026**, and responses to pretrial motions are due on or before **September 18, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 11, 2026**;

(6) the deadline for filing motions *in limine* is **December 28, 2026**, and responses to motions *in limine* are due on or before **January 5, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **December 22, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 30, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge